UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SCOTTY CARPENTER,

v.

                                        Case No.  8:01-cr-273-T-24TBM
                                                   8:09 -cv-84-T-24TBM
UNITED STATES OF AMERICA.

_____

ORDER

This cause is before the Court upon Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

Petitioner was convicted by a jury, of 1) armed bank robbery and 2) use of a firearm in connection with a crime of violence, on December 13, 2001.  (Cr. Doc. 145.) On March 22, 2002, he was sentenced to 300 months imprisonment for the bank robbery and 84 months consecutive for use of a firearm in relation to a crime of violence. (Cr. Doc. 186.) Petitioner timely appealed his conviction (Cr. Doc. 247), which the Eleventh Circuit allowed him to dismiss voluntarily, without prejudice on September 23, 2002 (Cr. Doc. 248).

On September 30, 2003, the Government filed a Rule 35(b), Federal Rules of Criminal Procedure, motion to reduce Petitioner's sentence, which the Court granted on October 28, 2003, departing downward four levels.  (Cr. Doc. 263, 264 & 265.)  The Court entered an Amended Judgment on October 29, 2003,  re-sentencing Petitioner to 168 months for his bank robbery conviction and 84 months consecutive for using a firearm in relation to a crime of violence.  (Cr. Doc. 267.) Petitioner filed a § 2255 petition challenging his re-sentencing on October 19, 2004

(Cr. Doc. 274; 8:04-cv-2295 "2004Cv." Doc. 1), which the Court denied on November 8, 2004 (Cr. Doc. 283; 2004Cv Doc. 2).  Petitioner delivered his notice of appeal to prison officials on December 26, 2004 (2004Cv. Doc. 15). The Eleventh Circuit denied as moot a certificate of appealability for failure of Petitioner to demonstrate the deprivation of a constitutional right (2004Cv. Doc. 16, p. 1).

On July 28, 2008, the Government filed a second Rule 35(b) motion (Cr. Doc. 284), which the Court again granted and departed downward four levels (Cr. Doc. 285).  On July 30, 2008, the Court entered a Second Amended Judgment re-sentencing Petitioner to 120 months for bank robbery and 84 months consecutive for use of a firearm in relation to a crime of violence (Cr. Doc. 286).  On January 20, 2009, Petitioner filed a second § 2255 motion (Cr. Doc. 288), which the Court denied without prejudice because it was not signed (Cr. Doc. 290).  On April 10, 2009, Petitioner filed a signed § 2255 motion.  (Cr. Doc. 293; 8:09-cv-84 Cv. Doc. 5.)

The Government was directed to respond to the motion, addressing whether the motion should be dismissed as untimely and/or because it is a successive petition.  Specifically, the government was directed to address whether the Second Amended Judgment dated July 30, 2008 (Cr.Doc. 286), which was entered as a result of the Court's granting the Government's Second Rule 35(b) motion, constituted a re-sentencing that re-started the AEDPA time clock allowing Petitioner to collaterally attack his conviction and sentence for a second time.  (Cv. Doc. 6.)  The Government filed its response on May 18, 2009. (Cv. Doc. 7.) Petitioner did not file a reply.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for filing § 2255 motions:

[The AEDPA] established a mandatory, one-year "period of limitation" for §

2

2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(e)(1)-(4)).

The Eleventh Circuit has held that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final," *Ferreira v. Sec'y for Dept. of Corrections*, 494 F. 3d. 1286, 1288 (11th Cir. 2007) (re-starting the § 2254 filing period at re-sentencing that corrected an illegal sentence pursuant to a habeas petition); *see also Stites v. Sec'y for Dept. of Corrections*, 278 F. App'x 933, 934 (11th Cir. 2008) (restarting the filing period for a § 2254 petition after the state court granted a Florida Rule of Criminal Procedure 3.800(c) motion to reduce an illegal sentence); *Phanhmixay v. Robert*, 298 F. App'x 830, 830 (11th Cir. 2008) (restarting the filing period for a § 2244 petition at re-sentencing pursuant to a habeas petition, because the trial court failed to merge certain convictions at the original sentencing, in violation of a state sentencing law). The Eleventh Circuit, however, has not ruled as to whether a new one-year period of limitation for § 2255 motions starts from the date of an amended judgment and sentence entered as a result of the Court's granting a Rule 35(b) motion. Other circuits, however, have ruled expressly on this issue.

3

Several circuits have held that granting a Government motion under Rule 35(b) does not restart the filing period for § 2255 motions. *See Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009) (holding that Rule 35(b) sentence modification was not a judgment of conviction that restarted AEDPA's § 2255 filing period); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001) (holding that the modification of the petitioner's sentence pursuant to a Rule 35(b) motion did not affect the finality of the judgment for purposes of § 2255); *United States v. Sanders*, 247 F.3d 139, 142–43 (4th Cir. 2001) ("Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for § 2255 purposes. The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); *see also United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007) ("when a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not recommence from the date of the resentencing judgment."); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004) (holding the same).

Petitioner's re-sentencing on July 30, 2008 was not based on an error in the original sentencing in 2002, but was the result of the Court's granting a 35(b) motion filed by the Government on July 28, 2008. Thus, the Court holds that, for Petitioner, the time period for filing a § 2255 motion challenging his conviction and sentence began on September 23, 2002, the date on which the Eleventh Circuit dismissed his appeal. Accordingly, the time period for filing his § 2255 petition expired on September 23, 2003, well before January 20, 2009, the date the most recent petition was filed. Therefore, the present petition was untimely.

In addition, 28 U.S.C. § 2244(b)(3)(A) requires a defendant to apply to the relevant court of appeals for an order authorizing the district court to hear a second or successive § 2255 motion. The appellate court authorizes a district court to consider the successive petition only if

there is new evidence that establishes clearly and convincingly that, when viewed in light of all of the evidence, a reasonable fact-finder would not have found the movant guilty of his underlying conviction, or if there is a new rule of constitutional law that retroactively applies to the movant's case. *See* 28. U.S.C. § 2255(h). Petitioner did not obtain such an order from the Eleventh Circuit prior to filing the present successive §2255 motion. Therefore, the present petition is an unapproved successive petition.

Because the Court's re-sentencing pursuant to Rule 35(b) did not constitute a new entry of judgment or new sentence for the purposes of AEDPA's filing window for § 2255 motions, Petitioner's latest § 2255 motion is untimely and a successive petition filed in violation of § 2244(b)(3)(A). This Court, therefore, lacks jurisdiction to hear it. *Farris v. United States*, 333 F. 3d 1211, 1216 (11th Cir. 2003).

## CONCLUSION

ACCORDINGLY, it is ORDERED and ADJUDGED that Petitioner's motion is dismissed. The Clerk is directed to enter judgment in favor of the United States in the civil case and to close the civil case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

Further, IT IS ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of June, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copy: Counsel of Record

Scotty Carpenter, pro-se